EDMUND MUNROE & another *vs.* JOSEPH W. WARD & others

It is only where there is an actual possession and taking of profits of land by the petitioner, that a petition can be maintained, under *St.* 1852, *c.* 312, § 52, to compel an adverse claimant to bring an action to try the title.

PETITION filed April 28, 1860, under *St.* 1852, *c.* 312, § 52, to compel the respondents to bring an action to try their alleged title to a certain parcel of flats on First Street in South Boston. The respondents claimed to own a portion of the flats, and disclaimed all title to the residue.

At the hearing in this court, it appeared that on the 31st of August 1833 the assignees of the Boston Glass Manufacturing Company conveyed the flats to the petitioner Munroe, by deed duly recorded; that the tide ebbed and flowed over the same; that, at the time of this conveyance and for some time before, the flats were bounded on First Street by a sea wall; that in 1834 Munroe conveyed one undivided half of the flats to the other petitioner, Jarves, by deed duly recorded; that in 1841 Munroe mortgaged his undivided half, by a mortgage duly recorded, which has since been paid and discharged; that in 1850 the petitioners executed and delivered to the respondent Ward, at his request, a bond in the penal sum of $40,000, with condition to convey the flats to him within a limited time for $20,000; that in 1846 the Boston and New York Central Railroad Company located their railroad over a portion of the same, for which

the petitioners claimed damages in the usual way, and had lately entered into preliminary arrangements for compromising their claim; and that the petitioners have always been assessed and have paid the taxes thereon. There was no evidence of any further acts of possession or ownership of the flats by the petitioners; and it was admitted by the petitioners that there had been no actual use or occupation of the premises by them since April 1, 1857.

Upon these facts, and others respecting the title of the respondents to the portion of the premises claimed by them, which it is not necessary to state in detail here, the case was reported by the chief justice for the determination of the whole court.

*S. S. Shaw*, for the petitioners.

*W. G. Russell*, for the respondents.

CHAPMAN, J. There is a class of cases in respect to which the provisions of *St.* 1852, *c.* 312, § 52, reënacted in Gen. Sts. *c.* 134, §§ 49, 50, are very important. They are cases where a party in possession of real estate would be obliged to abandon his accustomed possession and use, in order to try the right of an adverse claimant. If, for example, an adverse claim is made to a part or the whole of a man's homestead, he may treat the claimant as a disseisor by election, and bring a writ of entry against him to try the title; but in order to maintain his action he must abandon the possession during the pendency of the action. For unless he does this, the tenant to the writ may plead, *puis darrein continuance*, that since the suit was pending he has entered upon the lands in question, and disseised the tenant. And if it appears that he has entered into the whole, or even a part, of the lands, the writ shall abate for the whole, provided it was an entry for the purpose of taking possession, and not a mere casual going upon the land. Stearns on Real Actions, 215, 216. It would be unreasonable and contrary to sound policy to require such an abandonment of his property in order that he may maintain an action to remove a cloud from his title. The statute was intended to meet cases of this character, and to compel the party asserting such a claim to abandon it, or bring an action to test it without unreasonable delay.

But it is only where there is an actual possession and taking of profits that the provisions of the statute are necessary, and the construction heretofore given to it has limited it to cases of such possession. *Hill* v. *Andrews*, 12 Cush. 185. *Dewey* v. *Bulkley*, 1 Gray, 416.

In the present case, it is admitted by the petitioners that there has been no actual use or possession of the premises by them since April 1, 1857, and the petition is sought to be maintained on the ground of the constructive possession which follows their paper title. The property consists of flats over which the tide ebbs and flows, and of which no one maintains a continuous possession; but they are generally left vacant. The court are of opinion that this is not such a possession as the statute intends. The petitioners may bring their writ of entry, to which the opposite party must plead, admitting or denying their title. 1 Gray, 416. And during the pendency of the suit they are not compelled to abandon any beneficial possession or use of the land in order to prevent the writ from being abated.

*Petition dismissed.*